Argued July 5, affirmed September 8, 1972

## MACKENZIE ENGINEERING, *Respondent, v.* PETERS, *Appellant.*

500 P2d 699

*John J. Haugh,* Portland, argued the cause for appellant. With him on the brief were O'Connell, Goyak & Haugh and Tonkon & Galen, Portland.

*Thomas A. Sherwood,* Portland, argued the cause for the respondent. With him on the brief were Sherwood, Barnes & Thye, Portland.

PER CURIAM.

This is an action to recover for engineering services performed by plaintiff. Defendant appeals

from a judgment for plaintiff. The only issue in the case is whether the contracts to pay for plaintiff's services were made so as to bind defendant personally or to bind only the corporations of which defendant was an officer and stockholder. The trial court held that defendant was personally liable.

Plaintiff is a corporation which does architectural and design work in the construction and remodeling of buildings. Plaintiff's president, Thomas Mackenzie, was informed by Keith Hardin, an officer of Teeples and Thatcher, a construction firm, that there was a remodeling project in Seattle in which Mackenzie might be interested. The project consisted of redesigning and remodeling certain facilities for an auto dealership in Seattle operated by Pontiac Plaza Company, a Washington corporation of which defendant, Mel Peters, was president and principal stockholder. Peters was also president of another auto dealership, Pontiac Plaza, Inc., an Oregon corporation, located in Portland, Oregon. Both firms are now out of business.

Mackenzie and Hardin met with Peters in Seattle in September, 1969, to discuss the project plans. At that meeting Mackenzie asked Hardin and defendant, "For whom am I working?" and defendant replied, "You are working for me." Mackenzie testified that at that time he did not know that the Seattle dealership was operated by a corporation, and that he understood the contract for Mackenzie Engineering's services was being made with defendant personally. Mackenzie also stated that this was his understanding concerning a subsequent contract for work at the Portland Pontiac Plaza made under the "same arrangement" as the Seattle project.

Although there was other evidence to the contrary, the foregoing ·evidence was sufficient to support the trial court's conclusion and therefore the judgment must be affirmed.